### PULLMAN CO. v. MONTIMORE. *

(Circuit Court of Appeals, Fifth Circuit. February 2, 1927.)

No. 4701.

1. **Master and servant ⊚⟿293(1)—Instructions approved in action by porter for injury from exposure while guarding car.**

In an action for injury of Pullman porter left to guard car sidetracked in winter, instructions which fairly left it to the jury whether under all the facts and circumstances of the case defendant was chargeable with a breach of duty, the risk of which was not assumed by plaintiff, and which was the proximate cause of his injuries, *held* proper.

2. **Master and servant ⊚⟿205(1)—Servant, though assuming temporary risk of exposure to cold, has right to expect relief from it at earliest practicable time.**

Where plaintiff, a Pullman porter, was left to care for the car, which became disabled, and

*Certiorari denied 47 S. Ct. —, 71 L. Ed. —.

was left in an exposed siding in winter, where he suffered from exposure, and contracted severe illness, though he primarily assumed the risk of remaining there, he had a right to expect that defendant would exercise reasonable care and diligence to relieve him at the earliest possible moment.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

At Law. Action by Paul Montimore against the Pullman Company. Judgment for plaintiff, and defendant brings error. Affirmed.

' A. G. McNeill and J. D. Guinn, both of San Antonio, Tex., and J. M. McCormick, of Dallas, Tex. (Guinn & McNeill, of San Antonio, Tex., on the brief), for plaintiff in error.

Perry J. Lewis and H. C. Carter, both of San Antonio, Tex. (Champe G. Carter and Randolph L. Carter, both of San Antonio, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error recovered judgment against plaintiff in error for $8,700, damages for personal injuries resulting from undue exposure and cold, alleged to have been caused by the negligence of plaintiff in error. The parties will hereafter be referred to as they appeared in the district court.

There are twenty assignments of error. The first two run to the overruling of demurrers to the petition. Briefly stated, the petition alleged that plaintiff was employed by the Pullman Company as a porter on one of its sleeping cars; that one of the drawheads of the said car pulled out at a point south of Parsons, Kan., and the car was set out upon a siding; that plaintiff was ordered by defendant to remain with the said car to protect defendant's property; that the siding was a few miles distance from the next regular station, where a side track was maintained, and where there were the usual station facilities; that at the siding where the car was set out there were no station buildings; that the weather was severely cold, and a blizzard, accompanied by sleet and snow, was raging; that the car was of steel construction, and not provided with any means of heating when separated from the train; that the car was allowed to remain on the siding under the same conditions from 10 o'clock the night of February 28th until 5 o'clock in the afternoon of March 1st, and it was then hauled back to Parsons, Kan.; that, due to the exposure, plaintiff contracted a severe cold, which resulted in bronchitis and pneumonia, as a result of which he was confined to his bed for about three months, with the final result that he contracted incipient tuberculosis; that his injuries are serious and permanent; that he incurred expenses amounting to $500 because of his illness for medicines and medical treatment; that, prior to his injury he was a strong, robust man, capable of performing physical labor, and was earning about $100 per month; since his injuries his earning capacity has been greatly impaired; that under the facts and circumstances defendant was negligent in causing and permitting the car to be set out on the siding and in failing to rescue plaintiff after the car was so set out. The demurrers amount at most to an exception of vagueness. We think they were properly overruled.

Assignments 3 to 16, inclusive, run to various portions of the general charge of the court. The general charge in full is shown by the bill of exceptions. But very little of the evidence appears. It is not denied that the health of plaintiff was greatly impaired by the exposure he was subjected to, nor is it contended that the verdict was excessive. The charge is somewhat lengthy, but, taking it as a whole, it could not be questioned that the court endeavored to charge the law fully and with fairness to both plaintiff and defendant. After reciting the pleadings at some length, the court, in substance, charged the jury that the defendant owed plaintiff only ordinary care; that, if with full knowledge of conditions plaintiff remained with the car after he found that the cold was unbearable, and did not leave the car of his own accord, then he assumed the risk of the employment; that it was the duty of defendant to see that plaintiff was not subjected to unnecessary hardship; and that negligence in this respect would not be assumed by the plaintiff in remaining at his post of duty; but that the fact that plaintiff did remain an unreasonable amount of time before being relieved, or moved to shelter, would not of itself necessarily imply negligence by defendant.

[1] To summarize, the charge clearly left it to the jury to say whether under all the facts and circumstances of the case defendant was guilty of a breach of duty, the risk of which was not assumed by plaintiff, and was the proximate cause of plaintiff's injuries.

Defendant relies mainly on the defense of assumed risk, and seeks a reversal of the judgment on the theory that this defense was not properly treated by the charge of the court.

[2] Considering the case in the aspect most favorable to defendant, and conceding that plaintiff assumed primarily the risk of remaining with the car, he had the right to expect that defendant would relieve him at the earliest possible moment consistent with reasonable care and diligence, and he did not assume any risk in that respect. It has been stated in argument that before the car was moved a number of trains passed the side track where the car was set out, and could have taken it up. The bill of exceptions clearly shows that all the evidence is not in the record, and we do not know upon what facts the jury acted, but, so far as the record discloses, there was no error in the charge as given, taking it as a whole, and with reasonable construction of the plain meaning of the judge's words, nor was it so involved as to have a tendency to confuse the minds of a jury of ordinary intelligence.

The seventeenth and eighteenth assignments of error run to the refusal to give two special charges requested by defendant. It is unnecessary to set them out in full, and it is sufficient to say they were fully covered by the general charge given.

The nineteenth and twentieth assignments may be considered together. It appears from the record that there was evidence tending to show that plaintiff was instructed by the Pullman conductor to drain the car, and, after it was set out, he went outside and pulled a lever for that purpose. The wind was blowing, and the water was blown upon his legs, and wet them, and then it froze and turned to ice. There was also evidence tending to show that the car could have been drained from the inside without plaintiff incurring the danger of getting wet. On this state of facts defendant requested two charges, which were refused. Those charges were as follows:

"Plaintiff must recover, if at all, upon his claim set forth in his petition. And there is no claim in his petition that his cold and injuries grew out of his getting wet by reason of his attempting, under defendant's orders, to drain the car from the outside; hence you cannot consider this getting wet, if at all, by this means as negligence on the part of defendant, the Pullman Company, or as an element of damages."

"Should you believe that the plaintiff's injuries, if any, grew out of and was contracted by reason of his getting wet from the draining of the car on the outside, he cannot recover."

Plaintiff did not allege that his getting wet was caused by any particular act of negligence of defendant, and, as above pointed out, in charging the jury, the court expressly told the jury that the negligence relied upon by plaintiff was, first, in setting the car out in a comparatively isolated spot, and ordering the plaintiff to remain with it, and, second, in not removing him or rescuing him promptly from his exposed position. We think it was competent for the plaintiff to show as an incident to this exposure that he got wet in the performance of his duties, without any particular allegation to that effect in the petition. So much of the two requested charges as was not covered by the general charge was otherwise properly refused.

We find no error in the record.

Affirmed.