## SABATINO et al. v. READING CO.

### District Court, D. New Jersey.
### Sept. 1, 1936.

Meyer M. Semel, of Newark, N. J., for plaintiffs.

Katzenbach, Gildea & Rudner, of Trenton, N. J., for defendant.

FORMAN, District Judge.

Plaintiffs are the administrators of Frank Sabatino, who was employed by the defendant as a trackwalker.

It is alleged in the complaint that the said Frank Sabatino reported for work at about 6 a. m. of June 5, 1933, and went about the performance of his duties, carrying his heavy tools with him for 5½ hours, or until 11:30 of that morning, when he was overcome by the heat of the day and fell unconscious upon the tracks. The temperature registered 81 degrees that day. He died September 1, 1934, allegedly as a result of the injuries received on June 5, 1933, leaving him surviving a widow and seven children ranging from four years to twenty-one years.

The complaint is in three counts. The first sets up a cause of action under the Federal Employers' Liability Act § 1, 45 U.S.C.A. § 51, p. 92. The second repeats the allegations of the first except for the paragraph alleging the action to be under the Federal Employers' Liability Act (supra), and the third count likewise repeats the allegations of the first count and demands damages for losses sustained from the date of injuries to his death.

The defendant moved to strike the complaint on the grounds that it is frivolous and does not state a cause of action against the defendant because no facts are alleged which, if true, would show that the injury and death of plaintiffs' intestate were the proximate results of the actionable violation of any duty owing under the law to plaintiffs' intestate, and upon the ground that plaintiffs' intestate assumed the risk of the injury alleged in the complaint.

The Federal Employers' Liability Act (supra) upon which the first count of the complaint is based provides, among other things, as follows: "Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the

officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Plaintiff alleges negligence upon the part of the defendant in the following particulars:

"1. Defendant was guilty of negligence in that it failed to furnish and provide a reasonably safe place for the plaintiffs' intestate to be employed on the day in question.

"2. Defendant was negligent in that it ordered and compelled plaintiffs' intestate to continue to work under the conditions and during the intense heat without furnishing any means of shelter.

"3. Defendant was guilty of negligence in that it furnished no respite or relief and by its failure and omission to do so failed and omitted to exercise a reasonable degree of care for the safety and welfare of its employee, in view of the extra-ordinary condition of the heat and in view of the heavily taxing duties imposed upon plaintiffs' intestate on that day, and in further view of the nature of his work and the heavy tools and equipment which it required plaintiffs' intestate to carry with him on that day.

"4. The defendant was guilty of negligence in that it was aware and should have been aware of the extraordinary and unusual hazards and exposure to which plaintiffs' intestate was subjected by reason of the intense heat, such hazards and exposure not being necessary in the ordinary course of the plaintiffs' intestate's occupation.

"5. Defendant was guilty of negligence in that it submitted and subjected the plaintiffs' intestate to unduly severe exposure of the weather elements.

"6. Defendant was further guilty of negligence in that it subjected and exposed the deceased to aforementioned hazards away from any relief facilities, away from protection from the intensity of the heat.

"7. Defendant was further guilty of negligence in that it compelled plaintiffs' decedent to continue to work without respite, relief or rest for a long period of time, to wit: 5½ hours, thereby unduly exposing the plaintiffs' decedent to the intense heat and physical taxation required by the nature of his employment.

"8. Defendant was further negligent in that it failed and omitted at the time plaintiff fell and within a reasonable time thereafter to furnish and obtain for plaintiffs' decedent such medical and other necessary relief and care as was required to save and prevent plaintiffs' decedent from receiving and suffering the injuries set forth in the complaint, its negligence being specifically that it permitted the plaintiffs' decedent to lie prostrate and helpless on or near the said trackbed for a long time, exposed to the intense heat of the sun without any aid, assistance or comfort.

"9. Defendant was also guilty of negligence in that it designated unto a foreman or foremen the duty of meting out the specific acts of employment and fully to take charge and control of plaintiffs' decedent and his fellow workers.

"10. The defendant was guilty of negligence in that the employment so designated was done in a careless, reckless and negligent manner resulting in undue exposure to the unusual and extra-hazardous heat and employment by reason of which plaintiffs' decedent sustained the injuries from which he subsequently died.

"11. Defendant was likewise guilty of negligence in that it failed to furnish a reasonably safe place for plaintiffs' decedent to perform his work, and failed to exercise such supervision, regulations and care as to the surroundings and circumstances of plaintiffs' intestate's work required for his reasonable safety, thereby subjecting plaintiffs' intestate to extraordinary danger, by reason of which he became ill and subsequently lost his life."

The plaintiffs allege that the heat of June 5, 1933, was extraordinary and as such sufficient to put the defendant on notice to take extra precautions to shield the decedent from exposure to its intensity. This cannot be so. The plaintiffs allege that the heat during the working period of this decedent approached 81 degrees Fahrenheit. Such temperature on the day in question was seasonable and characteristic of the climate here. The length of time decedent worked that day, namely, 5½ hours, was not extraordinary.

That the defendant "designated unto a foreman or foremen the duty of meting out the specific acts of employment and fully to take charge and control of plaintiffs' decedent and his fellow workers" is not a charge of negligence.

Based upon the premises conceded in the complaint, no act of negligence is legally charged against the defendant. At best the charges are pleadings of conclusions and not of fact.

Defendant furnished a place of employment upon its tracks in the open. Normal weather conditions were intrinsically incident to such work. There is no allegation that these normal conditions were intensified by any affirmative act upon the part of the defendant. He was not placed near boilers, furnaces, or heat-emitting agencies of any sort that intensified the normal atmosphere of an early June day. He was exposed to exactly the same temperature as was every outdoor worker in the vicinity. It is true that it is alleged that he was obliged to carry the tools of a track inspector, but without these he could not perform his functions as such. There is no allegation that he was burdened with extra tools, or more than his job required, and in no greater degree or hazard than that which he assumed as the normal incident of his employment.

Without analyzing in detail here each of the cases cited by plaintiffs to support their theory, it is sufficient to say that they fall into two classes. The first class involves a situation where there was charged a definite commission of an act of negligence by the defendant, as for instance in the case of Pullman Co. v. Montimore (C. C.A.) 17 F.(2d) 2. There a Pullman porter was specifically ordered to remain on guard of a car set out in a comparatively isolated spot in exceedingly cold weather, and negligence was charged in not removing him or rescuing him from his exposed position. In that case it will be remembered that the plaintiff was ordered to drain the car and the wind was so strong and cold as to blow the drainage upon him, wetting his body and freezing the water upon him. The defendant affirmatively ordered the plaintiff there to that particular task and, having done so, omitted to remove him from the exposed position in which they had placed him. In that case there was, in addition to the element of performing work under severe climatic conditions, an element of active commission and omission of acts on the part of the defendant amounting to negligence.

The other class of cases involves action authorized by workmen's compensation laws where the inquiry was directed to the object of ascertaining whether the injury sustained was an accident within the scope of employment of the worker. It is easy to understand that such an injury could be construed within the scope of workmen's compensation legislation so as to bring a plaintiff within the benefits of such a statute. But it must be remembered that under such circumstances the commission or omission of acts amounting to actionable negligence by the employer is entirely irrelevant. It is intended to insure, so to speak, the worker against any accident occurring within the scope of his employment not brought about by his own willfulness. Under this count of the complaint as brought in this court, a requisite essential to the charge is that the injury or death shall result in whole or in part from the negligence of any of the officers, agents, or employees of the employer.

As far as the remaining counts of the complaint are concerned, no greater allegations of negligence are charged than in the first count. Under such circumstances further discussion of other alleged defects in the same is unnecessary.

The complaint here shows nothing more than that the decedent suffered a sunstroke while employed by the defendant on June 5, 1933, as a result of which he died on September 1, 1934. Of necessity on this motion every fact pleaded by plaintiff is admitted by the defendant, but it contends that in the face of those admitted facts no right of action is disclosed by the pleadings, and I am constrained to find that there is in this complaint no legal allegation to sustain a charge of any actionable negligence upon the part of the defendant which caused in whole or in part such injury or death to the decedent.

I am naturally reluctant to terminate the course of action of the plaintiffs at so early a stage of their proceedings, but if the theory enunciated herein is to be tested, it is well, from an economic standpoint of all parties concerned including the plaintiffs, in the event of their appeal, that the cost of any further record should be eliminated, and the motion to strike the complaint is granted.